UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

REBECCA MITCHELL,

    Plaintiff,

v.

AARON'S, INC.,

    Defendant.

Case No. 2:18-cv-02351-JPM-cgc

**ANSWER AND DEFENSES OF DEFENDANT AARON'S, INC.**

    Defendant Aaron's, Inc. ("Aaron's" or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Defenses to Plaintiff's Complaint in the above-referenced matter, stating as follows.

**RESPONSES TO PLAINTIFF'S ALLEGATIONS**

    1.    Defendant admits that Plaintiff's Complaint purports to assert a claim under federal law such that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, but denies that 28 U.S.C. § 1343 supports this Court's jurisdiction and/or is otherwise applicable. Except as expressly admitted, all remaining allegations in Paragraph 1 are denied.

    2.    Defendant does not contest venue, but denies that it committed any unlawful employment practices within this Court's jurisdiction and/or elsewhere with regard to Plaintiff.

    3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's assertions in Paragraph 3, and therefore such allegation stands denied.

    4.    Defendant admits the allegations in Paragraph 4.

5. The allegations in Paragraph 5 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's assertions in Paragraph 6, which allegations therefore stand denied.

7. Defendant denies the allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8, and responds to the subparagraphs of Paragraph 8 as follows:

    (a) Defendant admits the allegations in Paragraph 8(a).

    (b) Defendant admits the allegations in Paragraph 8(b).

    (c) Defendant denies the allegations in Paragraph 8(c).

    (d) Defendant denies the allegations in Paragraph 8(d).

    (e) Defendant denies the allegations in Paragraph 8(e).

    (f) Defendant denies the allegations in Paragraph 8(f).

    (g) Defendant denies the allegations in Paragraph 8(g).

    (h) Defendant denies the allegations in Paragraph 8(h).

    (i) Defendant denies the allegations in Paragraph 8(i).

    (j) Defendant admits that it received an anonymous call through its hotline on or about October 3, 2016, regarding alleged unprofessional behavior by Rick Sims, but denies that the anonymous caller reported any alleged unlawful harassment and is without sufficient knowledge or information to admit or deny whether Plaintiff was the anonymous caller. Except as expressly admitted herein, Defendant denies all remaining allegations in Paragraph 8(j).

    (k)    Defendant denies the allegations in Paragraph 8(k).

    (l)    Defendant admits that it conducted an investigation and interviewed Plaintiff and other employees after receiving the anonymous hotline call in October 2016, but denies that the anonymous caller reported any unlawful hostile work environment harassment, denies that Plaintiff reported any unlawful hostile work environment harassment during her interview by associate/human resources, and denies all remaining allegations in Paragraph 8(l).

    (m)    Defendant admits that Plaintiff was issued a Corrective Action Form in December 2016, by Regional Manager Curtis Jones for engaging in unprofessional, inappropriate and/or offensive conduct in the workplace.  Defendant denies the remaining allegations in Paragraph 8(m).

    (n)    Defendant admits that an associate/human resources representative met with and interviewed Plaintiff in the Dyersburg store in January 2017, and that Plaintiff subsequently provided to Defendant a handwritten notebook that Plaintiff contended identified various alleged acts of inappropriate conduct by Mr. Sims.  Except as expressly admitted herein, Defendant denies all remaining allegations in Paragraph 8(n).

    (o)    Defendant admits that both Plaintiff and Mr. Sims were terminated on or about February 21, 2017, for inappropriate conduct and failure to comply with Company standards.  Except as expressly admitted, Defendant denies all remaining allegations in Paragraph 8(o).

    (p)    Defendant admits that it retained the original copy of the notebook that Plaintiff provided in connection with Defendant's internal investigation, but states that it offered Plaintiff an opportunity to photocopy the notebook before she provided it to

Defendant and was informed by Plaintiff that she had, in fact, already kept a photocopy. Except as expressly admitted, Plaintiff denies all remaining allegations in Paragraph 8(p).

9. The allegations in Paragraph 9 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9.

10. The allegations in Paragraph 10 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10.

11. The allegations in Paragraph 11 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11.

12. The allegations in Paragraph 12 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12.

Except as expressly admitted herein, Defendant denies each and every factual allegation stated in the Complaint, including the requests for relief identified under the section entitled "Prayer for Relief" on page 5 of the Complaint.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint is barred, in whole or in part, for failure to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's Complaint is barred, in whole or in part, due to Plaintiff's failure to file a timely charge with the Equal Employment Opportunity Commission ("EEOC").

## THIRD DEFENSE

Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff failed to exhaust administrative remedies.

## FOURTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, to the extent it is based on alleged acts or omissions that occurred outside the applicable limitations period.

## FIFTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Defendant's treatment of Plaintiff was at all times based on legitimate, non-discriminatory and non-retaliatory factors and not on Plaintiff's sex, any protected activity, or any other factor prohibited by applicable law.

## SIXTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because the conduct alleged was not sufficiently severe or pervasive to alter the terms or conditions of Plaintiff's employment with Defendant.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because, even if any alleged harassment or retaliation occurred, which Defendant denies, Plaintiff failed to put Defendant on notice of the alleged discrimination or retaliation in a timely manner, failed to take advantage of preventative and corrective opportunities provided by Defendant, and failed to provide

Defendant a reasonable opportunity to stop or correct the alleged misconduct and/or to remedy the alleged harm.

## EIGHTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, and Plaintiff is not entitled to some or all of the relief requested in the Complaint, because the same actions would have been taken with regard to Plaintiff's employment regardless of any impermissible factors.

## NINTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, and Plaintiff is not entitled to some or all of the relief requested in the Complaint because Plaintiff's employment was terminable at will.

## TENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, and Plaintiff is not entitled to some or all of the relief requested in the Complaint because Defendant has acted at all relevant times reasonably, in good faith, and without malice or disregard for Plaintiff's rights.

## ELEVENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, and Plaintiff is not entitled to some or all of the relief requested in the Complaint because Defendant did not willfully violate any statutory or other rights of Plaintiff.

## TWELFTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, and Plaintiff is not entitled to some or all of the relief requested in the Complaint to the extent that Plaintiff seeks relief that is duplicative and/or exceeds that available under applicable law.

### THIRTEENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, and Plaintiff is not entitled to some or all of the relief requested in the Complaint under the doctrine of "after-acquired evidence" and/or to the extent that the same action would have been taken by Defendant based on Plaintiff's own conduct.

### FOURTEENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, and Plaintiff is not entitled to some or all of the relief requested in the Complaint under the doctrine of "unclean hands."

### FIFTEENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, and Plaintiff is not entitled to some or all of the relief requested in the Complaint under the doctrines of waiver, estoppel, or laches.

### SIXTEENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, and Plaintiff is not entitled to some or all of the relief requested in the Complaint because Plaintiff did not experience damages in the manner or to the extent alleged.

### SEVENTEENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, and Plaintiff is not entitled to some or all of the relief requested in the Complaint to the extent that she failed to take reasonable steps to mitigate her alleged damages. Alternatively, any claims for relief must be set off and/or reduced by compensation, benefits, or other remuneration received by Plaintiff.

## EIGHTEENTH DEFENSE

Claims for punitive damages are barred because any alleged harassment or retaliation would have been in contravention of Defendant's express policies, procedures, and good faith efforts to comply with applicable laws.

## NINETEENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, and Plaintiff is not entitled to some or all of the relief requested in the Complaint to the extent such relief bears no reasonable relation to the nature or scope of any alleged unlawful actions of Defendant or any alleged injuries incurred by Plaintiff.

## TWENTIETH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, and Plaintiff is not entitled to some or all of the relief requested in the Complaint because any alleged misconduct was prohibited by Defendant's policies and was not committed, countenanced, ratified, or approved by higher management in Defendant's corporate structure and was not within the actual or constructive knowledge of higher management.

## TWENTY-FIRST DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because, to the extent any employee, manager, supervisor, director or officer of Defendant engaged in any unlawful conduct as alleged in the Complaint, which Defendant denies, such actions were outside the scope and course of their employment and were not in furtherance of Defendant's business.

## TWENTY-SECOND DEFENSE

Plaintiff's Complaint is barred, in whole or in part, and Plaintiff is not entitled to some or all of the relief requested in the Complaint to the extent such relief is excessive or otherwise in violation of Defendant's rights under the Constitution of the United States.

## TWENTY-THIRD DEFENSE

Defendant reserves the right to plead any affirmative and additional defenses that may become known during its continuing investigation and during discovery in this case.

WHEREFORE, after having fully answered all allegations in Plaintiff's Complaint and having asserted affirmative and other defenses thereto, Defendant respectfully requests that the Court dismiss this action in its entirety with prejudice, enter judgment in favor of Defendant and against Plaintiff on all claims, award Defendant the costs and attorneys' fees incurred in defending this action, and award any and other relief that the Court deems just and proper under the circumstances.

Respectfully submitted this 20th day of July, 2018.

/s/ Donna L. Keeton
Donna L. Keeton (*admitted pro hac vice*)
Georgia Bar No. 006961
HALL, ARBERY, GILLIGAN,
ROBERTS & SHANLEVER LLP
3340 Peachtree Road, Suite 1900
Atlanta, GA 30326
Phone: (404) 442-8776
Fax: (404) 537-5555
Email: dkeeton@hagrslaw.com

and

        Geoffrey A. Lindley
        Tenn. Bar No. 021574
        RAINEY KIZER REVIERE & BELL PLC
        209 E. Main Street
        Jackson, TN 38301
        Phone:  (731) 423-2414
        Fax:  (731) 426-8150
        Email:  glindley@raineykizer.com

*Counsel for Defendant, Aaron's, Inc.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| REBECCA MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>AARON'S, INC.,<br><br>    Defendant. | Case No. 2:18-cv-02351-JPM-cgc |

## CERTIFICATE OF SERVICE

I certify that, on July 20, 2018, I electronically served a true and correct copy of the foregoing Answer and Defenses of Defendant Aaron's, Inc. through the Court's ECF system to Plaintiff's counsel of record:

Laura S. Martin
Harris Shelton Hanover Walsh PLLC
6060 Primacy Parkway, Suite 100
Memphis, TN 38119
lmartin@harrisshelton.com

*/s/ Donna L. Keeton*
Donna L. Keeton (*admitted pro hac vice*)
HALL, ARBERY, GILLIGAN,
ROBERTS & SHANLEVER LLP