UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

REBECCA MITCHELL,

     Plaintiff,

                             Case No. 2:18-cv-2351-JPM-cgc
                                   Jury Demanded

v.

AARON'S, INC,

     Defendant.

CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER

       Plaintiff Becky Mitchell, and Defendant Aaron's Inc. (jointly, the "Parties," and each a "Party"), in the above-captioned action (the "Action"), advise the Court that certain documents and things, discovery responses and testimony provided by the parties and/or non-parties may contain information of a type contemplated by Rule 26(c)(1) of the Federal Rules of Civil Procedure and that such information may be relevant to the subject matter of the present Action; and therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties have agreed to the terms of this Consent Confidentiality and Protective Order and for good cause shown:

       IT IS HEREBY ORDERED THAT:

       1.     This Order shall be applicable to and govern all depositions, documents, answers to interrogatories, responses to requests for admission and all other discovery taken pursuant to the Federal Rules of Civil Procedure, including any documents or other information submitted or produced by any non-party (a) in response to any subpoena issued in connection with or arising from this action, (b) pursuant to any Order of the Court, or (c) pursuant to any agreement with any

party, as well as testimony adduced at trial, matters in evidence and other tangible items or information which a party or producing non-party designates as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" furnished, directly or indirectly, by or on behalf of any party to this Action.

2.     CONFIDENTIAL material is intended to mean information of a type contemplated by Rule 26(c)(1) of the Federal Rules of Civil Procedure which a producing party or non-party considers in good faith to constitute (a) proprietary or sensitive business, personal or financial information; or (b) information subject to a legally protected right of privacy, and which that party wishes to further restrict under this Order. ATTORNEYS' EYES ONLY material is CONFIDENTIAL material that a producing party or non-party considers in good faith to constitute highly sensitive business or commercial information and which that party wishes to further restrict under this Order.

3.     CONFIDENTIAL and ATTORNEYS' EYES ONLY information shall be used solely for purposes of the conduct of this Action, shall not be used for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed to any person who is not a qualified recipient. All CONFIDENTIAL and ATTORNEYS' EYES ONLY information shall be carefully maintained to preclude access by persons who are not qualified recipients. All information provided in discovery in this action not designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall also be used solely for purposes of the conduct of this action and shall not be disclosed to any person (including employees of the parties) for any purpose other than the conduct of this action.

4.     The parties shall refrain from the practice of over-designating information, documents, and things CONFIDENTIAL or ATTORNEYS' EYES ONLY. The designation shall

not be made unless the disclosing party believes in good faith that the designated material contains such confidential information.

5. Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

a. counsel working on this Action on behalf of a party and counsels' attorneys, paralegals, assistants, stenographic and clerical employees;

b. a party to this case, and its employees, employers, executives, officers and directors;

c. any person not an employee of a party who is expressly retained or sought to be retained by any attorney to assist or testify in this Action, provided that the disclosure is necessary to such assistance or testimony;

d. court stenographers, outside copy services, interpreters and translators whose functions require them to have access to CONFIDENTIAL material;

e. the Court, including jurors, clerks, court staff, and court officers, under seal or with other suitable precaution calculated to maintain confidentiality; and

f. any mediator/third-party neutral of this Action.

Information designated ATTORNEYS' EYES ONLY may be disclosed only to persons identified in subparagraphs (a), (c), (d), (e), and (f).

6. The failure to designate a document, deposition, or other item as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not be deemed a waiver of the right to so designate at a later date or constitute a waiver of any attorney-client privilege or work product protection that may be applicable to those documents.

7.      No party shall, merely by entering into, agreeing to, and/or producing or receiving material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, or otherwise complying with the terms of this Order, waive any right to object on any ground to the use of any of the material covered by this Order as evidence in this Action or waive any objection to the disclosure or production of material otherwise available on any ground not addressed in this Order.

8.      A party shall not be obligated to challenge the propriety of any CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time of production, and failure to challenge any designation shall not preclude a subsequent challenge thereto. In the event that any party to this Action disagrees at any stage of this Action with any designation under this Order, such party shall provide the producing/designating party with written notice of its disagreement with the designation. For each specific document, the challenging party shall identify the allegedly improperly designated document by Bates number and identify the reason the challenging party believes that the information contained in the document is neither CONFIDENTIAL nor ATTORNEYS' EYES ONLY. Following to the designating party of notice of the other party's disagreement with the designation, the parties shall try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation of confidentiality may request appropriate relief from the Court.

9.      Any document, pleading, or tangible item which contains CONFIDENTIAL or ATTORNEYS' EYES ONLY material, if filed or submitted to the Court, shall be filed under seal in compliance with all applicable local rules. Alternatively, a redacted version of any CONFIDENTIAL or ATTORNEYS' EYES ONLY material that redacts the specific "Confidential" information contained within such material may be filed with the Court not under seal, with written consent of the Party or non-party that designated such material as

CONFIDENTIAL or ATTORNEYS' EYES ONLY. In the event that any CONFIDENTIAL or ATTORNEYS' EYES ONLY material is used in any Court proceeding in connection with this Action, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

10.     This Order shall not be construed: (a) to prevent any party or its attorneys from making use of information which was lawfully in its possession prior to its disclosure by the producing party; (b) to apply to information which appears in public records, printed publications or otherwise becomes publicly known; (c) to apply to information which any party or its attorneys has, before or after disclosure by the producing party, lawfully obtained from a third party having the right to disclose the information; or (d) to apply to information which any party independently develops.

11.     The execution of this Order shall not be construed as an agreement by any person or party to produce or supply any information, document, or thing, or as a waiver by any person or party of the right to object to the production of any information, document, or thing, or as a waiver of any claim of privilege with regard to the production of any information, document, or thing. In addition, nothing contained in this Order shall be construed as an admission by any party that any document, information, or other material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is in fact confidential, proprietary, or a trade secret.

12.     The designation by a party or non-party of any information, document, or other material as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall have no evidentiary significance and such designation may not be used at a hearing or trial for any purpose. A party's failure to object to a producing party's designation shall likewise have no evidentiary significance and shall not constitute an admission or concession that the information, document, or thing is

properly designated or is in fact entitled to treatment as trade secret or other confidential research, development or commercial information.

13.     After termination of all proceedings in this Action (whether by judgment, settlement, or otherwise, and after all appeal rights have been exhausted), each Party shall assemble and return to counsel for the producing Party all information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in its possession, including all copies thereof (but not including copies containing notes or other attorneys' work product that may have been placed thereon by counsel) or shall destroy all such information within forty-five (45) days of a request by the producing Party.  Counsel may, however, retain any material counsel deems necessary to comply with counsel's professional responsibilities to maintain a client's file. Any information retained shall remain confidential as provided for herein. Such material will be disposed of in such a way to preserve its confidentiality. Failure to request return or destruction does not alter the terms of this Order or the obligation of any Party to maintain the confidentiality of the information contained in any materials or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  Further, termination of the Action does not relieve any Party of such obligation unless otherwise ordered by the Court or agreed by the Parties.


IT IS SO ORDERED this 9th day of October, 2018.


/s/ Jon P. McCalla_____
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE